UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>-against-<br><br>DEMARK DIXON,<br><br>      Defendant. | 97 Cr. 0498 (LAP);<br>24 Civ. 4312 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  The Court is in receipt of Defendant DeMark Dixon's pro se motion to set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), (the "Rule 60 Motion"), and Defendant's motion to unseal certain docket entries, (the "Unsealing Motion").[1] The Government opposed the motions.[2] For the reasons set out below, Defendant's motions are DENIED.

## I. Factual Background

  **a. The Instant Case**

  On or about December 5, 1997, Defendant was convicted, following a jury trial, of (1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; (2) bank robbery, in violation of 18 U.S.C. § 2113(a), (d); and (3) possession of a firearm during

---

[1] (Rule 60 Mot., dated Mar. 27, 2025, [dkt. no. 204]; Unsealing Mot., dated July 24, 2024 [dkt. no. 203]; Def. Resp., dated June 9 and 11, 2025 [dkt. nos. 215, 218]; Def. Letters, dated June 9, 2025 [dkt. nos. 216-17]; Def. Addendum, dated June 24, 2025 [dkt. no. 220].)
[2] (Gov't Opp'n, dated May 20, 2025 [dkt. no. 213].)

the commission of a crime of violence, in violation of 18 U.S.C. § 924(c).  (See dkt. no. 70.)  The evidence at trial included "the testimony of Defendants Kareem Mustaffe and Winston Phillips, who testified that Mustaffe and Dixon robbed a bank while Phillips waited outside in a getaway car" and "a videotape purportedly showing Dixon visiting the bank several hours before the robbery, along with the testimony of a bank employee that Dixon did not hold an account at the bank."  United States v. Rahman, 166 F.3d 1202, 1998 WL 907042, at *1 (2d Cir. 1998) (unpublished).

After Defendant's trial but before his sentencing, "[i]n an apparently unrelated telephone interview on December 9, [1997,] Mustaffe told the FBI that, in 1996, he had been hired by the owner of a private bus company to murder one of his competitors but that the murder had never occurred."  Id.  The Government promptly notified the district court and Defendant's counsel of this information, and Defendant moved for a new trial based on newly discovered evidence.  Id.  In February 1998, the Honorable Charles S. Brieant, United States District Judge for the Southern District of New York, held a hearing and denied Defendant's motion for a new trial.  Id.  Judge Brieant then sentenced Defendant to 147 months of imprisonment to be followed by three years of supervised release.  (See dkt. no. 88.)

Defendant appealed the denial of his motion for a new trial.  The Court of Appeals rejected Defendant's arguments and affirmed

the district court's decision. Rahman, 1998 WL 907042, at *2. In doing so, the Court of Appeals emphasized that there was "strong evidence of Dixon's guilt" and an "extremely low probability that the jury would have come to a different verdict had it known that Mustaffe had been involved in a murder conspiracy," in part because the jury was already aware that Mustaffe had "a panoply of serious, and frequently violent, crimes over a thirty-year period." Id.

Notably, on December 10, 2010, Defendant's term of imprisonment ended, and his term of supervised release commenced. On or about December 9, 2013, Defendant completed his term of supervised release.

### b. Defendant's Other Convictions

In addition to the above, Defendant was convicted around the same time in the Eastern District of Pennsylvania and the Eastern District of New York.

In the Eastern District of Pennsylvania, Defendant was convicted, following a guilty plea, of conspiracy to receive, transport, and sell stolen cars interstate, in violation of 18 U.S.C. § 371, and was sentenced to 55 months of imprisonment to be followed by three years of supervised release. (See 99 Cr. 535 (E.D. Pa.), [dkt. nos. 305, 415].)

In the Eastern District of New York, Defendant was convicted, following a guilty plea, of racketeering, in violation of 18 U.S.C. § 1962(c), and was sentenced to 120 months of imprisonment, to be

followed by three years of supervised release. (See 97 Cr. 543 (E.D.N.Y.), [dkt. nos. 95, 173].)

### c. Additional Post-Conviction Motions

As this Court has recognized, Defendant has an "extensive" history of unsuccessfully challenging his conviction. See Dixon v. United States, No. 24 Civ. 4312 (LAP), 2024 WL 3413735, at *2 n.1 (S.D.N.Y. July 15, 2024) (collecting cases). Among these are several attempts to petition the Court for habeas relief pursuant to 22 U.S.C. § 2255, numerous motions for leave to file successive habeas petitions, at least one motion under Federal Rule of Civil Procedure 60(b), and several coram nobis petitions. (See id.; Dixon v. United States, No. 14 Civ. 960 (KMK), 2015 WL 851794, at *2-3 (S.D.N.Y. Feb. 27, 2015) (detailing Defendant's filings and appeals). He has also filed numerous petitions challenging his convictions in the Eastern District of Pennsylvania and the Eastern District of New York and, in fact, was barred from making further filings in the Eastern District of New York absent leave of court. See Dixon v. United States, No. 01 Civ. 4591 (JS), 2009 WL 3334619, at *2 (E.D.N.Y. Oct. 9, 2009).

## II. Applicable Law

Rule 60(b)(2) of the Federal Rules of Civil Procedure permits a court to vacate a final order or determination in the event of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

4

Rule 59(b)." Fed. R. Civ. P. 60(b)(2). A motion under Rule 60 must be made "within a reasonable time," and, in the case of newly discovered evidence, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

### III. Discussion

    a. **Rule 60 Motion**

Defendant asks the Court to set aside "either or both judgments or any other judgments"—although he does not specify the specific judgments for which he seeks relief—"so that [Defendant] can obtain monetary relief, from the United States Court of Federal Claims." (Rule 60 Mot. at 1.) Defendant contends that he has "demonstrated [his] actual innocence," that "SDNY witnesses/informants committed perjury before [he] was even charged in this District," that "exculpatory evidence was withheld from Judge Brieant," and that he "provided this Court and the U.S. Attorney['s] office for the Southern District with new additional alibi facts." (Id.)

The Rule 60 Motion challenges Defendant's underlying conviction, yet it is well settled that a Rule 60 motion cannot be used to attack a defendant's "underlying criminal conviction." See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004); see also Pena v. United States, 859 F. Supp. 2d 693, 700 n.2 (S.D.N.Y. 2012) (collecting cases). When faced with such a motion, the district

5

court typically has "two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'"  Harris, 367 F.3d at 82 (quoting Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).  Here, the first option is not appropriate because, among other reasons, habeas relief is no longer available as Defendant is no longer in custody.  See Fleming v. United States, 146 F.3d 88, 89-90 (2d Cir. 1998); see, e.g., Stinn v. United States, No. 11 Civ. 2071 (PKC), 2024 WL 4989241, at *9 (E.D.N.Y. Dec. 5, 2024). As such, the Court denies any challenge to Defendant's underlying conviction as beyond the scope of Rule 60.

To the extent the Rule 60 Motion seeks relief from (or reconsideration of) the Court's order dismissing his petition for coram nobis relief, it not only fails to cite any newly discovered evidence but also entirely fails to address the Court's ruling. Instead, it simply parrots the arguments made in Defendant's coram nobis petition, (dkt. no. 201), which the Court already considered and properly rejected, Dixon v. United States, No. 24 Civ. 4312 (LAP), 2024 WL 3413735, at *1 (S.D.N.Y. July 15, 2024).

### b. Unsealing Motion

In addition to Defendant's Rule 60 Motion, Defendant requests that the Court unseal docket numbers 194 and 195, (Unsealing Mot.), which are a noncompliance report related to Defendant and a document concerning a co-defendant, (dkt. no. 206). Defendant does not offer any reason why these documents should be unsealed or are otherwise relevant to any motion before the Court. In addition, on June 11, 2025, Defendant filed a response to the Government's opposition, stating that he is no longer concerned about the unsealing of docket numbers 194 and 195. (See Def. Resp.) Given the documents at issue are court documents that are filed under seal in the ordinary course and are not relevant to any pending motion or any other issue currently before the Court, Defendant's Unsealing Motion is DENIED. See United States v. Charmer Indus., Inc., 711 F.2d 1164, 1176 (2d Cir. 1983) (holding that presentence reports are court documents that should not be disclosed without a showing of compelling need).

## IV. Conclusion

For the foregoing reasons, Defendant's Rule 60 Motion is DENIED and Defendant's Unsealing Motion is DENIED.

The Clerk of the Court shall close dkt. nos. 203 and 204 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   July 30, 2025
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge