UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEMARK DIXON,<br>Petitioner,<br>-against-<br>UNITED STATES OF AMERICA,<br>Respondent. | 24-cv-4312 (LAP)<br><br>ORDER |

The Court is in receipt of pro se petitioner DeMark Dixon's motion for the Court to recuse itself pursuant to 28 U.S.C. § 455 from Mr. Dixon's "current cases and all of [his] future cases that might come." (Dkt. 33.)[1] For the reasons set forth below, the motion is DENIED.

**BACKGROUND**

Mr. Dixon's history of challenging his 1997 convictions is, as this Court has previously observed, "extensive." Dixon v. United States, No. 24 Civ. 4312 (LAP), 2024 WL 3413735, at *2 n.1 (S.D.N.Y. July 15, 2024). Following a jury trial before the late Judge Brieant, Mr. Dixon was convicted of conspiracy to commit bank robbery, bank robbery, and possession of a firearm during a crime of violence, and was sentenced principally to 147 months

[1] Mr. Dixon's motion contains a Court of Appeals docket number, No. 25-1959, which suggests a copy was also transmitted to the Court of Appeals. The fact than an appeal is pending does not divest this Court of authority to deny a meritless recusal motion, and, in any event, a frivolous appeal does not trigger divestiture. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Carroll v. Trump, 687 F. Supp. 3d 394, 404 (S.D.N.Y. 2023).

imprisonment, which the Court of Appeals affirmed. Id. Mr. Dixon was released from custody in 2010 and completed his term of supervised release in December 2013.

Following Judge Brieant's death, Mr. Dixon's post-conviction filings were reassigned to this Court. The Court denied Mr. Dixon's petition for a writ of coram nobis on July 15, 2024. See id. After initially appealing this Court's order, Mr. Dixon moved to withdraw his appeal. The Court of Appeals granted Mr. Dixon's motion and issued a mandate returning jurisdiction to this Court. (See Dkt. 32.) Mr. Dixon's instant recusal motion followed.

## LEGAL STANDARD

28 U.S.C. § 455 provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. He shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)-(b)(1). "The standard for disqualification under 28 U.S.C. § 455(a) is 'an objective' one; the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." S.E.C. v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013) (citations omitted). However, "recusal is not warranted where the only challenged conduct consist[s] of judicial rulings,

routine trial administration efforts, or where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible." Id. at 29-30.

**DISCUSSION**

Mr. Dixon asks the Court to disqualify itself not only from his present matter but from "all of [his] future cases that might come." To begin with, that request is not cognizable. Recusal under § 455 is assessed on a case-by-case basis. It is not a vehicle to disqualify a judge from any current or prospective litigation involving a particular litigant. On that basis alone, Mr. Dixon's motion must fail.

Even if Mr. Dixon's motion were properly before the Court, it would still fail on the merits. Mr. Dixon complains that he was denied relief "over and over again" and "without a hearing." But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 556 (1994)). To the extent Mr. Dixon disagrees with any of this Court's prior rulings, he has full recourse in the Court of Appeals.

In short, Mr. Dixon identifies no extrajudicial source of bias and no conduct approaching the "deep-seated favoritism or

antagonism that would make fair judgment impossible." Id. at 555. Absent any basis for recusal, the Court is "as much obliged not to recuse itself when it is not called for as it is obliged to when it is." In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007).

## CONCLUSION

For the foregoing reasons, Mr. Dixon's motion for recusal is DENIED. The Clerk of the Court is directed to close Dkt. 33 and mail a copy of this Order to Mr. Dixon.

**SO ORDERED.**

Dated: New York, New York
August 11, 2026

Loretta A. Preska

LORETTA A. PRESKA
Senior United States District Judge